**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM HOWER MELENDEZ,

    Plaintiff,

-vs-                                                                                       Case No. 8:10-cv-467-T-30AEP

DEPUTY SAYER, et al.,

    Defendants.
_____/

**ORDER**

Before the Court are Plaintiff's "Motion for Reconsideration to Reopen to Allow Amended Complaints" ("motion to reopen") (Dkt. 8), and "Motion Seeking Reconsideration and Response" ("motion for reconsideration") (Dkt. 9).

**Background**

On March 18, 2010, Plaintiff filed a civil rights complaint (Dkt. 1). After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the complaint for failure to state a claim upon which relief may be granted on March 23, 2010 (Dkt. 5).

Plaintiff filed his motion to reopen on January 4, 2011 (Dkt. 8), and motion for reconsideration on January 21, 2011 (Dkt. 9).

**Motion to Reopen**

In his motion to reopen, Plaintiff asserts that the Court should not have dismissed his complaint without first granting him leave to amend his complaint. Petitioner fails to cite any

legal authority for his motion.

The Federal Rules of Civil Procedure provide two vehicles by which a party may seek relief in a postjudgment motion, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b). In addressing the classification of postjudgment motions, the Eleventh Circuit "has drawn a substantive/collateral distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted).

Petitioner's motion cannot be considered pursuant to Rule 59(e), however, because he failed to file it within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e).[1] The judgment was entered on March 24, 2010 (Dkt. 6). While *pro se* litigants are held to a lesser standard than attorneys, *see Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), they are still required to comply with judicial deadlines. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999)(holding that "the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines") (*overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).

The purpose of Rule 60(b) is to define the bases available to a party for relief from a judgment or order. Grounds for relief include, *inter alia,* mistake, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(1), for example, permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect." *Id.* With

---

[1] "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).

the exception of subsection (6), relief from a judgment pursuant to Rule 60(b) must be on motion made within one year of the judgment, therefore Petitioner's motion is timely pursuant to that rule.

Petitioner has not demonstrated that the judgment was entered as a result of a mistake, inadvertence, or surprise. While Rule 60(b)(6) affords the district courts discretion to grant relief in order to do justice, the Court is guided in the exercise of its discretion by settled circuit precedent. The Eleventh Circuit has held that "[R]ule 60(b)(6) should be construed in order to do substantial justice . . . , but this does not mean that final judgments should be lightly reopened." *See e.g. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").

Plaintiff has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's order. *See Crapp v. City of Miami Beach Police Dep't*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.")). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000), (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'")). Moreover, Plaintiff's remedy was to appeal directly from the allegedly erroneous judgment. *Elgin Nat'l Watch Co. v. Barrett*, 213 F.2d 776, 780 (5th Cir. 1954) ("The mere fact that the judgment was

erroneous does not constitute any other reason justifying relief from it. Again, appellees' remedy was to appeal directly from the erroneous judgment and have it set aside in due course.") (citation and internal footnote and quotations omitted). Rule 60(b) was not intended to be a substitute for a direct appeal from an erroneous judgment. *Id*.

**Motion for Reconsideration**

Plaintiff's motion for reconsideration is inapplicable to the instant case. The motion for reconsideration requests reconsideration of the order denying Plaintiff's motion to reopen the case in case number 8:10-cv-1805-T-26TGW (see case no. 8:10cv1805 at Dkt. 10).[2]

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's "Motion for Reconsideration to Reopen to Allow Amended Complaints" (Dkt. 8) is **DENIED**.

2. Plaintiff's "Motion Seeking Reconsideration and Response" (Dkt. 9) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 25, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[2] The problem stems from Plaintiff filing motions that identify five separate cases (see Dkts. 9-10). If Plaintiff files any future motions or pleadings, he must identify only one case number on each motion or pleading.